CLOSED

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**DENNIS M. CAVANAUGH**
JUDGE

THE FRANK R. LAUTENBERG
UNITED STATES POST OFFICE
AND COURTHOUSE BUILDING
NEWARK, NJ 07101
Room No. 451
(973) 645-3574

**LETTER OPINION-ORDER**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

*Naim Johnson, Pro Se*
Federal Registry No. 24458-050
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

*A. Matthew Boxer, Esq.*
Assistant United States Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

      Re:    <u>Naim Johnson v. United States</u>
                 Civil Action No.: 03-3535

Dear Litigants:

      This matter comes before the court upon motion by pro se Petitioner Naim Johnson ("Petitioner"), for relief pursuant to 28 U.S.C. § 2255. After carefully reviewing the submissions of all parties and the record before it, it is the finding of this Court that Petitioner's requests for relief and for an evidentiary hearing are **denied**.

# I

On September 27, 2002, Petitioner pled guilty to Count One of an Indictment charging him with possession of a sawed-off shotgun, a live shotgun shell, and .22 caliber ammunition, in violation of 18 U.S.C. § 922(g)(1) and (2)[1].  Count Two of the Indictment was dismissed in accordance with a Plea Agreement between the parties.  On January 6, 2003, this Court sentenced Petitioner to 75 months imprisonment calculated as follows: base offense level of 26, downward adjustment of 3 points for acceptance of responsibility, and criminal history category of IV. (See PSR ¶¶ 23-46; Plea Agreement Schedule A.)

Petitioner did not file a direct appeal of his sentence or the judgment entered against him.  However, on July 25, 2003, Petitioner filed a § 2255 motion alleging that he had been unlawfully sentenced under 18 U.S.C. § 924(e).[2]  In August 2004, this Court granted leave to Petitioner to supplement his § 2255 motion, in which he contends: 1) his sentence was unconstitutional because of double counting; 2) in light of Blakely v. Washington, 124 S.Ct. 2531 (2004), he improperly received an alleged two-level sentencing enhancement; and 3) defense counsel was ineffective in not objecting to these issues at sentencing.  As a result, Petitioner requests that the Court vacate his sentence and hold a hearing to determine the appropriate sentence.

The Government answered Petitioner's initial motion in November 2003.  The

---

[1] 18 U.S.C. § 922(g) reads, in relevant part: "It shall be unlawful for any person - (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; (2) who is a fugitive from justice; ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

[2] 18 U.S.C. § 924(e) states, in pertinent part, as follows: "In the case of a person who violates Section 922(g) of this title and has three previous convictions by any court referred to in Section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years..."

Government's response stated simply that Petitioner could not have been sentenced under § 924(e) because 1) that statute requires a minimum sentence of fifteen years and Petitioner was sentenced to 75 months, 2) § 924(e) was not charged in the Indictment, and 3) the Government sought no enhancement pursuant to § 924(e).

In September 2004, the Government answered Petitioner's supplemental § 2255 motion. In addressing Petitioner's Blakely argument, the Government asserts that this decision does not affect the United States Sentencing Guidelines.  However, should the Blakely argument affect cases governed by the Federal Guidelines, the Government's position is that it should not apply retroactively to cases on collateral review.  Further, assuming the Blakely decision did apply here, the Government alleges that it would not affect Petitioner's case because Petitioner received no "enhancement" over the base offense level that was stipulated to as part of the Plea Agreement.  The Government contends that the Blakely decision applies only where "[t]he facts supporting the [enhancement] were neither admitted by the petitioner nor found by a jury." Blakely, 124 S.Ct. at 2537.  Finally, the Government asserts that Petitioner was properly sentenced as a category IV offender and that Petitioner's attorney provided him with effective assistance of counsel.

**II**

Pro se submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Haines v. Kerner, 404 U.S. 519, 520 (1972); McDowell v. Del. State Police, 88 F.3d 188, 189 (3d Cir.1996); Lewis v. Att'y Gen. of United States, 878 F.2d 714, 722 (3d. Cir.1989).  Accordingly, a pro se prisoner's habeas petition and

-3-

any supporting material must be construed liberally and viewed with a measure of restraint for the facilities of the pro se petitioner. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir.1998); Lewis, 878 F.2d at 721; Haines, 404 U.S. at 520.

### III

Section 2255 states in part, that a prisoner may make a motion:

> [C]laiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Additionally, a "sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Id.  Such a motion "may not be used to challenge errors that were not first raised on direct appeal unless the error is jurisdictional or constitutional, or an error of law that is 'a fundamental defect which inherently results in a complete miscarriage of justice' and which presents 'exceptional circumstances where the need for the remedy ... is apparent." United States v. McNair, 1993 WL 259330, at *2 (E.D.Pa.1993) (internal citations omitted).

When a petitioner has failed to raise a claim on direct review, "the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice." Bousley v. United States, 523 U.S. 614, 622 (1998) (citing Murray v. Carrier, 477 U.S. 478, 485 (1986)). Additionally, a petitioner may also raise a claim that "he is 'actually innocent.'" Bousley, 523 U.S. at 622 (citing Murray, 477 U.S. at 496).

Additionally, § 2255 provides that "[u]nless the motion and the files and records of the

-4-

case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255.  The Third Circuit has held that "[w]here...a motion for relief under § 2255, raises an issue of fact which cannot be conclusively determined from the 'motion and the files and records of the case,' the movant is entitled to a judicial hearing at which he and his witnesses may be heard." Del Piano v. United States, 362 F.2d 931, 933 (3d. Cir.1966).  At this stage, "[i]n determining whether an evidentiary hearing is needed, the crucial inquiry is whether additional facts must be adduced before a fair adjudication of petitioner's claim can be made." Soto v. United States, 369 F.Supp. 232, 241-242 (E.D.Pa.1973).  However, "[w]here the records and files submitted in connection with a motion to vacate a sentence show conclusively that a petitioner is not entitled to the relief he seeks, no hearing required." McNair, 1993 WL 259330, at *2.

### IV

Included in the consolidated record before the Court on Petitioner's instant application for relief is the Indictment, the PSR, the Plea Agreement, and the Judgment of Conviction.  Based upon the records and submissions of the parties on both the initial and supplemental motions, this Court finds that an evidentiary hearing is not necessary "before a fair adjudication of petitioner's claim can be made." Soto, 369 F. Supp. 232, 241-242.  This Court can conclusively determine the necessary issues of fact based upon the motions submitted, the files, and the record.

### V

In his initial motion, Petitioner argues that he was improperly sentenced under 18 U.S.C §

924(e). However, that allegation is not supported by any of the evidence. Both the Indictment and Plea Agreement state that Petitioner was charged with a violation of § 922(g)(1) and the Judgment of Conviction states that Petitioner was, in fact, sentenced pursuant to § 922(g)(1). Furthermore, § 924(e) could not have had an impact on Petitioner's sentence because the mandatory minimum term of incarceration under that provision is 15 years and Petitioner was sentenced to 75 months. This Court finds that Petitioner was sentenced according to § 922(g)(1) and not § 924(e). Therefore, there was no "fundamental defect which inherently resulted in a complete miscarriage of justice" and the petition is denied on this basis. See McNair, 1993 WL 259330 at *2.

## VI

Petitioner's supplemental motion alleges that his sentence is unconstitutional due to impermissible double counting and enhancements. Petitioner asserts that his offense level was calculated as follows: base offense level of 18 points; enhancement of 6 points for prior drug convictions; enhancement of 2 points for possessing an altered shotgun; and criminal history category of IV. He alleges the offense level should have been calculated as follows: base offense level of 18 points; and criminal history category of II. Petitioner bases this contention upon the premise that his prior drug convictions are related and should not be counted separately. Further, Petitioner argues that a 2 point enhancement for an altered shotgun is improper because he was not charged with a 2 point enhancement for an altered shotgun in the Indictment

Under the Federal Sentencing Guidelines, the offense level is determined by U.S.S.G. §

2K2.1(a)[3] and the criminal history is determined separately based on 18 U.S.C. Appendix 4A1.1.[4] The points calculated for the criminal history are not added to the base offense level. Rather, only the enhancements in § 2K2.1(b) affect the base offense level. The points based on criminal history are solely to categorize the offender for sentencing purposes. Petitioner's claims as to the Court's calculation of his base offense level and criminal history category are clearly erroneous. The allegations of double counting and unconstitutional enhancements are unsupported by the record.

First, Petitioner incorrectly asserts that his base offense level is 18. Pursuant to U.S.S.G. § 2K2.1(a), the offense level assigned is the greatest offense level which applies. In this case, Petitioner meets the requirements of an offense level of both 18 and 26. As a result, he was properly assigned a base offense level of 26. In any event, the Plea Agreement executed by the Petitioner stipulated a base offense of 26, with a downward adjustment of 2 points for acceptance of responsibility and another downward adjustment of 1 point for notifying authorities of an intention to enter a plea of guilty, giving Petitioner a total offense level of 23 points.

---

[3] U.S.S.G. § 2K2.1 reads, in pertinent part:
"(a) Base Offense Level (Apply the Greatest): (1) 26, if the offense involved a firearm described in 26 U.S.C. § 5845(A) or 18 U.S.C. §921(A)(30) and the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense...(5) 18, if the offense involved a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30)..."

[4] 18 U.S.C.S. Appx § 4A1.1 reads, in pertinent part:
"The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A. (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month...(e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item..."

The *Application Notes* for this section read as follows:
"1. ...The term 'prior sentence' is defined at § 4A1.2(a) (which states: '(1) means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense; (2) prior sentence imposed in unrelated cases are counted separately...Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence or imprisonment imposed in the case of consecutive sentences...')" 18 U.S.C. Appx. § 4A1.2

Section 4A1.2, which deals with criminal history calculation, allows for offenses that were consolidated for trial or sentencing to be considered "related" and thus count for only one conviction. However, based on 18 U.S.C. Appendix §4A1.2 Application note 3,[5] the two prior drug convictions which are separated by an intervening arrest, are not considered "related." Sentences consolidated for trial or sentencing may be deemed related only when they are not separated by an intervening arrest. United States v. Aguilera, 48 F.3d 327 (1995); United States v. Gallego-Gonzalez, 3 F.3d 325 (1993); United States v. Bryant, 991 F.2d 171 (1993). Here, Petitioner's first drug offense took place on November 17, 1997. He was arrested on the same day. More than six months later, on June 30, 1998, he was arrested again for a second drug offense. Although these prior convictions were consolidated for trial and sentencing purposes, the convictions were separated by the arrest on November 17, 1997. The prior convictions can neither be considered "related" nor condensed for purposes of criminal history point calculation. Therefore, contrary to Petitioner's claims, the Court correctly calculated Petitioner's 8 criminal history points which resulted in a criminal history category of IV.

The PSR, to which Petitioner did not object, confirms the offense and criminal history level and specifically states there are no Chapter Four Enhancements. (See PSR ¶ 33.) Nothing in either the PSR or Plea Agreement indicates that the offense level was enhanced. Based on the Sentencing Table, for an offense level of 23 and criminal history category of IV, the appropriate sentencing range is 70-87 months. This Court finds it correctly calculated petitioner's 75 month sentence and that Petitioner's allegations are unsupported by evidence.

---

[5] 18 U.S.C. Appendix §4A1.2 Application notes read as follows:

"3. *Related Cases.* Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing."

**VII**

Petitioner contends that he received a 2 point enhancement for altering a shotgun. He states that he did not admit to this fact when he pled guilty nor was the fact charged in the indictment. Petitioner argues that this enhancement affected his rights because the sentence was based on this charge and the Court's independent findings. This Court finds that Blakely v. Washington does not apply to Petitioner's case and that there was no 2 level enhancement considered during sentencing.

First, Petitioner's sentencing hearing was held on January 22, 2003, and Blakely was decided in June 2004, nearly a year and half later. In Tyler v. Cain, 533 U.S. 656,665 (2001), the Supreme Court of the United States held that it is the only authority which may decide which of its holdings have retroactive effect. The Court did not find its holding in Blakely to be retroactive. Therefore, Blakely can not be applied retroactively to cases on collateral review. However, even if Blakely were retroactive, it still would not apply to Petitioner's case. For Blakely to apply, an enhancement is necessary. Petitioner received no enhancement in either his base offense level or his criminal history points. He stipulated to the total offense level of 23 points in the Plea Agreement, and was sentenced according to this stipulated offense level. Therefore, this Court finds that the Petitioner's claim is without factual support and that Blakely does not apply.[6]

---

[6]The Court wishes to note that the Supreme Court's decision in U.S. v. Booker, 125 S.Ct. 738 (2005), which extended the Blakely holding to the Federal Sentencing Guidelines, was handed down while this action was pending. As such, neither party raised the issue of whether Booker applies to Petitioner's § 2255 motion. However, the same rationale by which this Court determined that Blakely is not applicable to cases on collateral review such as Petitioner's, requires a finding that Booker also does not apply here. See U.S. v. Clausen, 2005 WL 846198, *11 (E.D.Pa. Apr.12, 2005) (holding that the new rules of law in Blakely and Booker do not retroactively apply to collateral challenges to judgments that were final at the time that those rules were announced); United States v. Aikens, 2005 WL 433440, at *8-*9 (E.D.Pa. Feb.25, 2005); United States v. Williams, 2005 WL 240939, at *2

## VIII

Finally, Petitioner argues that because his attorney did not argue that <u>Blakely</u> was applicable, object to a two level enhancement, and object to the 6 points for prior convictions, his attorney was ineffective and thus prejudiced his case.  The Supreme Court has held that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. <u>Strickland v. Washington</u>, 466 U.S. 668 (2004).  The <u>Strickland</u> Court announced that, in order to successfully obtain reversal of a criminal conviction, "the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>.  Additionally, a defendant must demonstrate that he was prejudiced by counsel's "deficient performance."  <u>Id</u>.

Here, Petitioner pled guilty to Count One of the Indictment.  He charges that counsel acted in a deficient manner by failing to object to 1) the 6 points used for criminal history calculation and 2) the 2 level enhancement for a sawed off shotgun, based on <u>Blakely</u>.  The argument that the 6 points for 2 separate convictions are related and thus should be counted as one conviction is without merit, as discussed above.  Therefore, for counsel to argue such point would have been futile.  Furthermore, Petitioner's <u>Blakely</u> argument is without merit because counsel obviously was not able to make an argument based on a decision that had not been handed down at the time of sentencing.  Even if already decided, the <u>Blakely</u> argument is deficient.  Petitioner's arguments thus fail to prove a deficient performance by counsel that could

---

(E.D.Pa. Jan.31, 2005).

have prejudiced Petitioner's case.

### IX

As stated earlier, in order to obtain relief under § 2255 for a claim that was not raised at trial, sentencing, or appeal, an individual must establish both "cause" for failing to previously assert the claim and "actual prejudice" for that failure. Bousley, 523 U.S. at 622 (citing Murray, 477 U.S. at 485). After analyzing each of Petitioner's arguments, this Court finds that the Petitioner has failed to establish either "cause" or "actual prejudice."

Based upon the foregoing reasons, Petitioner's motions under § 2255 and for an evidentiary hearing are **DENIED.**

*SO ORDERED*.

        S/ Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Date:       April 29, 2005
Original:   Clerk's Office
cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
                File